# FORM A

CIVIL RIGHTS COMPLAINT TO BE USED BY A *PRO SE* PRISONER
UNDER 42 U.S.C. § 1983 or
UNDER *BIVENS V. SIX UNKNOWN FED. NARCOTICS AGENTS*

Rev. 10/10

FILED
JAMES J. VILT JR,
CLERK
8/13/2021
U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY

Michael Lynn Eaves,
other similarly situated individuals

Supplemented Court Ordered
**Second Amended** on Court Form.
L.R. 5.3(a)(3); FRCP 15 (a)(b)(c)(d); FRCP 23; FRCP 38
42 U.S.C. Section 1983; Americans with disabilities
Act; Rehabilitation Act of 1973; FRCP 60;
FRCP 5.6 to 7.2; 8th, 14th, and 14th Amendments to
the U.S. Constitution; Judicial Human Rights Declaration;
requests made for criminal prosecution by U.S. D.A. for
Western District of Kentucky under Title 18 USC sec. 241, 242.

(Full name of the Plaintiff(s) in this action)

v.

CIVIL ACTION NO. 3:21-cv-296-RGJ
(To be supplied by the clerk)

Dagon Moon, Sarita Schoenbachler,
Richard Lilly, Cookie Crews, Commissioner KDOC,
Kevin Drake, Scott Jordan,
John Dunn, Jesse Coombs, Mr. Owens
of IA, Mr. Williams of IA at LLCC — All sued in Individual and official capacities

(☑) DEMAND FOR JURY TRIAL. I reallege
and incorporate by reference D.N. 22 Denial of Jury Trial
(attached)
( ) NO JURY TRIAL DEMAND
(Check only one)

(Full name of the Defendant(s) in this action)

* Face of complaint continued next page *
on 1(b)

I.   **PARTIES**

(A) **Plaintiff(s).** Place the full name of the Plaintiff in the first blank below, his/her place of confinement, address, and status. Repeat this procedure for each additional Plaintiff named, if any.

(1) Name of Plaintiff: Michael Lynn Eaves [261472] I am not a corporation.
I have legal standing and capacity to file this complaint.
Place of Confinement: Luther Luckett Correctional Complex

Address: 1612 Dawkins Road, LaGrange KY, 40031

Status of Plaintiff: CONVICTED (☑)   PRETRIAL DETAINEE (___)

(2) Name of Plaintiff: Other similarly situated individuals

Place of Confinement: All Kentucky jails, detention centers, correctional
Facilities and complexes, and any correctional medical
Facilities.

Page 1(a)

Continued face of complaints

## Jurisdiction and Venue

1) This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation under color of law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2) The United States Court, District at Louisville is an appropriate venue under 28 U.S.C. section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

3) Plaintiff Michael Lynn Eaves [261472], is and was at all times mentioned herein a prisoner of the state of Kentucky (Ky), a ward of the state, in the care and custody of the Kentucky Department of Corrections. He is currently confined in Luther Luckett Correctional Complex (LLCC) in LaGrange Ky. He is blind in left eye, impaired vision in right eye, hard of hearing requiring bilateral hearing aids, and he is diagnosed as severe bipolar disorder, depression, anxiety, and OCPD. He is not a corporation.

4) At all times mentioned herein, Defendants Moon, Schoenbachler, Lilly, Drake, Jordan, and Dunn acted under color of state law to deprive Plaintiff Eaves and other similarly situated individuals of their rights as alleged herein. These actions by the Defendants are capable of repetition but evades review. All conditions precedent occurred or were performed.

5) Defendant Cookie Crews is being sued in her official capacity and she can institute any necessary changes to prison policy to correct issues herein, including but not limited to changes to employment, and disciplinary actions of KDOC employees, and to meet any requirement to properly staff Ky's correctional system such as increased pay and benefits to attract more qualified employees/applicants, and same being held for the retention of current qualified staff. It is public record that Ky's prisons are in dire crisis that could be partially relieved with highly skilled, trained staff, who must be paid decently to retain, considering the enormous responsibilities associated with being the Guardian of Plaintiff and other inmates who are severely weakened by their incarceration and must be protected as Wards of the state of Kentucky.

page 2(b)

Address: _____

Status of Plaintiff: CONVICTED (__) PRETRIAL DETAINEE (__)

(3) Name of Plaintiff: _____

Place of Confinement: _____

Address: _____

Status of Plaintiff: CONVICTED (__) PRETRIAL DETAINEE (__)

**(B) Defendant(s).** Place the full name of the Defendant in the first blank below, his/her official position title in the second blank, and his/her place of employment in the third blank. Mark the capacity in which the Defendant is being sued. Repeat this procedure for each additional Defendant named, if any.

(1) Defendant _Dagon Moon_ is employed as _Special Services/grievance Coordinat_ at _Luther Luckett Correctional Complex (LLCC)_

The Defendant is being sued in his/her (✓) individual and/or (✓) official capacity.

(2) Defendant _Sarita Schoenbachler_ is employed as _Nurse_ at _LLCC CCS Wellpath_.

The Defendant is being sued in his/her (✓) individual and/or (✓) official capacity.

(3) Defendant _Richard D. Lilly_ is employed as _Attorney_ at _Ky Justice and public Safety Cabinet, KDOC Legal Serv._

The Defendant is being sued in his/her (✓) individual and/or (✓) official capacity.

(4) Defendant _Kevin Drake_ is employed as _Captain_ at _LLCC_.

The Defendant is being sued in his/her (✓) individual and/or (✓) official capacity.

(5) Defendant _Scott Jordan_ is employed as _Warden (former LLCC)_ at _Kentucky State Penitentiary (KSP)_. The Defendant is being sued in his/her (✓) individual and (✓) official capacity.

2

(6) Defendant John Dunn is employed as Ombudsman at Ky Dept Corrections (KDOC). The Defendant is being sued in his (✓) individual and (✓) official capacity.

(7) Defendant Cookie Crews is employed as Commissioner at KDOC.

The Defendant is being sued in his/her (___) individual and/or (✓) official capacity only.

## II. PREVIOUS LAWSUITS

(A) Have you begun other lawsuits in State or Federal court dealing with the same facts involved in this action? YES (___) NO (✓). This case is related to the below mentioned suit that is seperated by jurisdiction. This Court has jurisdiction because that is where events occured.

(B) If your answer to "A" is YES, describe the lawsuit in the spaces below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper, using the same outline.

Parties to the previous lawsuit:

Plaintiff(s): Michael Eaves

Defendant(s): Rodney Ballard, et al.,

Court (if federal court, name the district. If state court, name the county):
U.S. District Court at Lexington

Docket number: 5:17-CV-111-KKC

Name of judge to whom the case was assigned: Karen K. Caldwell

Type of case (for example, habeas corpus or civil rights action): civil action

Disposition (for example, Was the case dismissed? Is it still pending? Is it on appeal?):
Judgment for Defendants. Plaintiff is attempting to re-open for multiple reasons.

Approximate date of filing lawsuit: March 9, 2017

Approximate date of disposition: Nov. 4, 2020 USCA affirmed ruling

3

## III. STATEMENT OF CLAIM(S)

State here the FACTS of your case. State how you believe your constitutional rights were violated. Describe how each Defendant violated your rights. And set forth the dates on which each event took place. Do not make legal arguments or cite cases or statutes. However, identify the constitutional right(s) you allege was/were violated. If you intend to assert multiple claims, number and set forth each claim in separate paragraphs.

6) On 5-19-20 at approximately 1:45 pm, which is one day after Plaintiff Michael Eaves filed grievance #20-455 Exhibit "E" against Defendant Dayan Moon, and while in the office of Def. Moon at LLCC, Defendant Moon abused his authority under the color of law when he arbitrarily, actively, willfully and intentionally denied Plaintiff Eaves access to the prison's outgoing legal mail system and the filing benefits thereof, to lawfully mail correspondence to the Secretary of State of Washington, a public official, and to Caly Pittman, healthcare administrator at LLCC, a prison medical official.

7) 3 times that day Defendant Moon denied Plaintiff Eaves access to the legal mail system to correspond to these officials even though pre-paid postage was affixed to the legal mail as requested preserved camera footage in that office will show.

8) Defendant Moon's statements in Exhibit "A" DR#LLCC-2020-0001167 and Exh. A memorandum to Plaintiff Eaves evidences Eaves' denied access to the prison's outgoing legal mail system.

9) Outgoing legal mail procedures are far less strict and does not require inspection if pre-paid postage is affixed as was Plaintiff's legal mail as requested preserved camera footage will show.

10) Only outgoing legal mail requiring a CPO for postage to be paid from an inmate's account requires inspection to verify.

11) Even though postage was affixed to all envelopes that day, Plaintiff has never denied the officers to inspect any of his legal mail whether privileged or legal mail (regular), and Defendant Moon had Plaintiff's outgoing legal mail in his hands and could have looked at it anytime with no objection from Plaintiff. Plaintiff even told Defendant Moon that 2 letters were complaints against him.

12) Upon information and belief, Defendant Moon's actions were retaliations against Plaintiff Eaves for 2 reasons being: #1- because Plaintiff Appealed the USDC at Lexington's decision in Eaves v. Ballard, et al., and #2- because Plaintiff Eaves filed Exh. E grievance #20-455 against Def. Moon for Moon's actions of disclosing Plaintiff's private medical records to inmates without consent and in fact was both orally and expressly written to not allow inmate grievance aids access to Exh. H, grievance number 20-441. The submission of the grievance occurred on 5-15-20, privately and on camera in Dayan Moon's office.

13) On 5-18-20 Def. Moon disregarded the instruction and gave the grievance (Exh. H) and attached medical records (5 pages) attached to inmate grievance aid Gary Pierce. Plaintiff has retained the records since to show this Court; and the records were only meant to be viewed by the medical grievance system. These records were complete to show that Plaintiff was prescribed bilateral (both ears) hearing aids by someone with the authority to prescribe medical prescriptions.

14) During the events described in exh. A "description of incident", Def. Moon omitted the fact that he threatened Plaintiff multiple times. Each time Def. Moon asked Plaintiff a question, when Plaintiff began answering, Defendant Moon forcefully stated "Stop arguing" and threatened Eaves with disciplinary actions. Moon did this multiple times until all Plaintiff could say was "send it legal mail. Please send it legal mail."

15) Upon information and belief Defendant Moon was attacking Plaintiff to provoke an argument from Eaves, who refused to argue with the Defendant, which Moon's actions are pattern and practice to have inmates who file complaints locked in segregation/RHU to hinder their complaints.

4(a)

### III. STATEMENT OF CLAIM(S) continued

16) Defendant's (Moon) tone was harsh, abrasive, and threatening and Plaintiff feared for his safety so much, all he could say was to send his mail not legal mail. Plaintiff knew Def. Moon would be angry because Plaintiff filed the grievance over Def Moon giving his medical records to the inmates; Exh. E grier. 20-455, so when Plaintiff was called to come to Moon's office Plaintiff asked a guard to go with him. This seemed to Plaintiff that Def. Moon was infuriated that there was a witness to the events.

17) Even with the other officer present, Defendant Moon was escalating his attacks to verbally provoke Plaintiff which he could not do, which further angered Def. Moon.

18) When Plaintiff Eares would not argue and only said to mail out legal mail, Def. Moon told Eares very forcefully to get out! So Eares walked out of Def. Moon's office and asked officer Rourke to please "retrieve my mail because Moon threatened to throw it away and I had told him he couldn't throw it away because it was protected U.S. Mail and had postage on it. When I asked Ofc. Rourke to please retrieve my mail, Def. Moon yelled for me to get out of the building now! Which denied me access to the legal library and grievance office. Because of his authority I had to leave or be punished.

19) This type of harassment, threats, and intimidation from Defendant Moon is common practice at LLCC and is especially fierce when Plaintiff or other similarly situated persons are claiming protection of their federally protected conduct and rights, and not even moreso when disability discrimination is involved like Plaintiff Eares is seeking ADA/RA protection in grievance 20-441 Exh H.

20) Defendant Moon and his actions against Plaintiff Eares has invaded Plaintiff's personal sanctity of sleep, causing horrific nightmares and near constant headaches that medical cannot treat other than to alleviate pain with medications that injure Plaintiff's other vital organs. No Court Order or Judgment can cure Plaintiff's irreparable injuries to his brain. Defendant Moon's actions were evil and on purpose meant to injure Plaintiff as requests to medical shows Plaintiff suffers from severe headaches and nightmares.

21) Defendant Moon issued Exhibit A Disciplinary report to Plaintiff like he has done to many others and caused the actions in the Disciplinary report and incident to be non-grievable denying Plaintiff and others the grievance mechanism itself and hides what Moon did, as well as other officers who act under the color of law.

22) Defendant Moon instructs the inmates who work for him in the grievance office/legal library to manipulate inmates grievances and to protect prison officials. And certain grievances such as disability discrimination grievances including Exh "H" 20-441 gr. were not to proceed at all. See Exh B Affidavit of head office worker under security.

23) Plaintiff Eares filed grievance # 20-441 Exh. H against Defendant Sarita Schoenbachler because she overrode my doctor prescribed orders for bilateral hearing aids. Defendant Schoenbachler is a nurse and is unable to prescribe medication or to override any Doctors orders/prescription. Def. Schoenbachler's actions under the color of law removed my right hearing aid that was doctor prescribed to prevent paying to repair my broken right hearing aid. She said I only needed one hearing aid and wouldn't repair my broken aid. Her actions and denial of my right aid and its repair treated me differently than those inmates who need glasses and are issued 2 lenses for their glasses even if they are blind in one eye like Plaintiff who is issued lenses for both eyes to prevent embarrassment for looking different with only 1 lense. Plaintiff's forced to turn away from people who are talking to him now so as to point the one aid at the person who is talking to him which is embarrassing to Plaintiff and considered rude by many people, creating a bad impression of Plaintiff who must decide to see or hear them because turning his left ear to people also turns his blind left eye to them.

Page 4(b)

24) I Plaintiff Michael Eaves reallege and incorporate by reference paragraphs 1-12 in the 2 page affidavit of Michael Eaves attached to Exh. H, grievance number 20-441.

25) Plaintiff Eaves told Defendant Schoenbachler about Exh. M that requires the KDOC to repair Plaintiff's broken hearing aid and she refused to send the aid to be repaired knowing that the KDOC shall repair all auxillary aids according to Exh. M.

26) When Plaintiff filed Exh. H grievance concerning disability discrimination, Defendant Moon proceeded in a manner consistent with Exh. B Affidavit of Xander St. Croix, where Moon gave Plaintiff's private social security number and medical records to inmates to deter and stop Eaves from grieving the issue and cover up Def. Schoenbachler's actions under the color of law that she did.

27) Defendant Moon further attempted to hide his actions concerning the outgoing legal mail by issuing to Plaintiff DR# LLCC-2020-0001187 Exh. A which prevented Plaintiff from grieving what Moon had done, leaving Defendant Moon's actions under the color of law unchecked as well as to interfere with Plaintiff's rights protected by the ADA/RA.

28) The fraudulent disciplinary report Exh. A was dismissed but it still prevented Plaintiff Eaves from grieving the issues because he had received the discipline. This has become the mode and practice to use the PLRA to deny any grievance the KDOC and Def. Moon chooses to deny and because there is no safeharbor for these actions within the PLRA, Plaintiff and any other inmate in the United States are forced to spend $400.00 in Federal court filing fees to redress their grievances instead of the nearly cost free process to correct issues through the grievance mechanisms. Inmates who make $.97 (cents) per day such as Plaintiff cannot afford their Constitutional rights that have been alienated from them by these processes.

29) Plaintiff Michael Eaves reserves all his Constitutional Rights and his God given rights, of which are unalienable, without prejudice.

30) Upon information and belief, Defendant Moon's concentration of training is not focused on protecting the rights of Plaintiff and other similarly situated persons, but more in line with training as an obstructionist to prevent inmates from having

page 5

their constitutional protections they are entitled to.

31) All Defendants have a duty to protect Plaintiff's and other inmate's rights, and a duty to care, and a duty to act when they are made aware of these under color of law actions specified in this complaint.

32) In Oct-Nov. 2020 Defendant Richard Lilly, a licensed attorney fiduciary agent of the KDOC and Plaintiff Eaves (by extension through his guardian the KDOC) was made aware of Defendant Moon's actions through court filings in Eaves v. Ballard, et al., No. 5:17-cv-111-KKC and case no. 20-5277 as filed in the 6th Circuit Court of Appeals (COA).

33) Defendants Moon and Lilly were made aware that 3 times in a 6 month period, during litigation of Eaves' ADA civil action, that prison guards opened Plaintiff Eaves' locked cell door while Plaintiff was away so that other inmates could rob Plaintiff and to force Plaintiff to stop suing correctional officers at the KDOC and NTC.

34) Defendant Moon repeatedly refused to accept one of the grievances so Plaintiff presented it to the Grievance Committee Chairperson who signed it. See Exh. O, grievance of robbery on 10-12-19 that was included in grievance #19-763 filed on 10-25-19, Exh. P, concerning non-response to the 10-12-19 grievance.

35) Paragraph 34 specifies another reason (motive) for Defendant Moon to deny Plaintiff access to the prison's outgoing legal mail system. Plaintiff mailed the grievance (See Exh. O) to Defendant Moon and there is no proof because Moon refused to allow Plaintiff to use the legal mail system to correspond to officials at this prison. Plaintiff can mail all he wants to them but if they don't like it, it don't exist.

36) Defendant Moon did not mention in Exh. A DR# LLCC-2020-000118 the letter to Cody Pittman, Healthcare Administrator but he let it slip in the last paragraph of memorandum to Plaintiff (Exh. A) that he was returning **both** rejected letters and Def. Moon never stated who the other rejected letter was to. This action hid any proof of service to the prison official.

37) Plaintiff Eaves still wakes up shaking with fear and headaches from the injuries this has caused his brain, from the constant torment inflicted by Dagen Moon and other prison staff who assisted him such as opening his cell to be robbed.

P. 6

38) After Defendant Lilly was made aware of what was happening to Plaintiff Eaves, instead of intervening, he joined in the events by neglecting his duty to protect Eaves, who is the Ward of the state of Ky., and assigned the Guardian KDOC to protect him; who is also the Principal to Mr. Lilly, and he ignored his duty to act (as an officer and attorney of the Court) when fraud upon the Court and interference with a litigant is known.

39) Since Plaintiff began this action in May 2021, Prison officials Defendants Dayon Moon and Kevin Drake fraudulently detained Plaintiff, removing him from the honor program (on 6-15-21), and causing him to miss college program classes while in the "hole" for 14 days and on August 4th 2021 Plaintiff was again fraudulently detained by Internal Affairs Capt. Jesse Coombs, I.A. Mr. Owens, and I.A. Mr. Williams, (in 34gu.) and he was charged with making threatening statements and thrown in the "hole" again.

40) Plaintiff again missed college assignments and risks getting kicked out because of the fraudulent disciplinary report and missed work, and Dft.'s actions.

41) Plaintiff sent 3 emails to Internal Affairs Capt. Coombs to request (7/30, 8/3, 8/4 2021) protection from Defendants Moon and Drake and to prevent Plaintiff from requesting PC from Moon and Drake, the 3 I.A. officials in paragraph 39 conspired to falsely accuse Plaintiff so as to place him in the "hole" with a write up because Plaintiff cannot request PC from the hole, which means Moon and Drake can stay close to Plaintiff. The reason this fraud was necessary is because Plaintiff is in a college program that is severely limited access and unavailable in most places, so the conflict Plaintiff requested would require relocating Moon and Drake, not Plaintiff. Plaintiff learned this from an officer who knew what they were doing to me was wrong and evil and they are plotting more evil.

42) On 8-6-21 around 8:00 pm Warden Amy Robey came to my cell in the "hole" and asked me what happened and I told her. God bless her, she let me go back to the honor dorm. Plaintiff does not know the outcome of these events but he prays that God touches others hearts as well.

43) No reasonable person can sustain a civil action against the government while systematically being attacked by that government as Plaintiff Eaves has endured and he's hurt bad. Plaintiff uncontrollably bursts into tears dozens

P. 7

of times while writing this and he wonders how long he is going to live. Only God knows how Eaves can keep going. Plaintiff has had 2 EKG's in last month for

44) chest pains and he has lost almost 30 pounds from this trauma. Plaintiff is scared to death of any police or prison guard/official now. He has no peace and doesn't know how he can resume relationships with his family now because of what defendants have done to him. Plaintiff's father was a decent correctional officer and he retired in 2007. Plaintiff has 1 great uncle and 1 cousin who retired as correctional officers. Plaintiff's father-in-law retired from corrections (passed away 7-24-21). Plaintiff is uneasy speaking to his own family now, all because of Defendant's actions.

45) The KDOC is charged with the duty to protect Plaintiff Eaves because of the severely weakened legal status created by the condition of incarceration.

46) The KDOC derives it's income almost entirely from caring for inmates.

47) Inmates are the greatest financial interest of the KDOC.

48) The duty imposed upon the KDOC to care for Ward of state Plaintiff Eaves, who is the charge of the state of Ky and KDOC, includes providing housing, care, and protection to Plaintiff Michael Eaves, others similarly situated, and their rights and liberties.

49) All Defendants owes protection to Ward of state Plaintiff and other similarly situated individuals and John Dunn (Def.) directs the grievance process.

50) Defendant Lilly has a much higher and extraordinary duty to protect Plaintiff Eaves because of Lilly's fiduciary agency relationship with Plaintiff's Guardian, the KDOC, and he failed and neglected that duty.

51) Defendant Lilly has a duty of Candor and he did nothing about any of these claims he knew about and was expressly written on paper notified.

52) As evidence of the pattern and practice of these events, Plaintiff presents Exh. Q DR# LLCC-2020-000196, issued to Michael Despain for trying to obtain counsel, and Plaintiff also struggles with legal work as evidenced in Exh. T.

53) Plaintiff Eaves can never recover the lost benefits of the prison's outgoing legal mail system he was repeatedly denied access to on 5-19-20, including the benefits of the "Prison mailbox rule" for proof of mailing and timing benefits, an assault on his Constitutional Rights and Liberties.

54) Plaintiff will never trust anyone with authority again because of Def's actions.

55) Plaintiff Eaves has notified the supervisors and IA of Def. Moon's and Schoenbachler's actions throughout the last 2½ years (approx.) and no one stopped them. See exh: I, J, K, L.

P. 8

and as paragraph 39 shows, Internal Affairs staff was in on the torture of Plaintiff. Because of Defendants actions Plaintiff is struggling to write this complaint properly.

56) These irreparable injuries and actions from defendants as described herein, as well as the Defendants evil, vicious, and malicious attacks on Plaintiff and his unalienable rights and liberties, removed his abilities to successfully prosecute his claims in Eaves v. Ballard, et al., and are causing worse than severe trauma to Plaintiff in this case which has just begun.

57) To show the pattern and practice of Dayan Moon's actions Plaintiff Eaves presents Exh. Q Disciplinary report DR# LLCC-2020-0001196 issued on 5-20-20 to Michael Despain with attached letter to Attorney Amy Robinson Staples and grievance no. 20-466 (Exh. Q), that shows Defendant Moon did read a letter to an attorney from an inmate requesting representation in his case.

58) Correspondence from and to attorneys are privileged that concern requesting assistance of counsel and discussing criminal cases and that privilege is ignored at LLCC.

59) Exh. A and Exh Q disciplinary reports issued to Plaintiff Eaves and Michael Despain are issued very close together, indicating a pattern to deny grievability of issues of protected conduct that is federally protected.

60) There are multiple other disciplinary reports issued by Moon to deny access to the grievance mechanism and prevent other inmates relief from their federally protected conduct rights violations.

61) Plaintiff Eaves has a right and duty to file medical grievances without his private social security number and medical records being disclosed to inmates.

62) Plaintiff's headaches, chest pains and nightmares, along with embarrassment and shame of having only 1 hearing aid working that causes Plaintiff to have to look away from people who are talking to him, are irreparable injuries that cannot be prevented or fully rectified by a final judgment following a trial and cannot be undone by award of monetary damages or repair his equilibrium and balance issues from wearing only 1 aid. And there is no adequate remedy at law and effective legal relief cannot be obtained without filing multiple lawsuits.

63) The injury Plaintiff and other similiarly situated individuals faces otuweighs the injury that would be sustained by the Defendants as a result of Injunctive relief.

64) The injunctive relief wouldn't adversely affect public policy or the public interest.

65) Plaintiff has suffered actual irreparable injury that is imminent for the rest of his natural life.

66) Plaintiff Eaves is not an attorney and must rely on this Court to liberally construe his complaints/pleadings, and motions. Prison official Defendant

P. 9

Moon and others have knowledge of the law and use it for nefarious reasons. This will show any reasonable person the need for competent qualified staff.

67) Plaintiff Michael Eaves has capacity and standing to file the suit.

68) The amount in controversy exceeds $75,000.00, excluding interest and costs. 28 U.S.C. §1332(a).

69) Plaintiff Eaves did send the attached letter to Cody Pittman at LLCC to make him aware that Dayon Moon (Defendant) gave Plaintiff Eaves' medical records to the inmate grievance aid(s). Exh J, which is a HIPPA violation.

70) Def. Moon admitted in DR# LLCC-2020-0001187 Exh A that he did send the letter to the Inspector General, which contained a copy of everything sent to Cody Pittman, Healthcare adm., plus a letter to the I.G. (Exh. K), who then emailed it to the Justice Cabinet. They all got it and did nothing about it. see emails exh. R.

71) Because Plaintiff's right hearing aid has not been repaired, he suffers from dizziness and equilibrium/balance issues when wearing only 1 aid for hearing amplification, a result of Defendant's actions.

72) Defendant Moon attempted to fraudulently imprison and remove privileges from Plaintiff with DR# LLCC-2020-0001187 Exh. A disciplinary report.

73) On June 15, 2021 Defendant Kevin Drake and Def. Moon did falsely imprison and remove Plaintiff's freedoms and privileges when Plaintiff was fraudulently placed in the "hole".

74) Plaintiff demands a jury trial on all issues triable by jury.

75) Plaintiff does not waive any formal discovery rights or procedures.

76) According to emails received that are between Defendants Moon and John Dunn, Defendants Dunn and Moon work together to dismiss grievances of inmates, especially disability discrimination complaints.

77) The torment and torture Plaintiff has endure from Defendants caused him to lose the civil action Eaves v. Ballard, et al., where Plaintiff was requesting est. $4,400,000.00 U.S. Dollars in damages. Any reasonable person would have quit the action because of the retaliations and interference suffered by Plaintiff at the hands of Defendants, or from persons on their behalf. Plaintiff has lost over 25 pounds from June 1st 2021 until August 8, 2021 because of what has been done to him concerning these actions of Defendants who maliciously with evil intent are trying anything to stop Plaintiff's action in this Court. Plaintiff weighs only 153 pounds now and his medical records show his weight is normally over 180. Upon information and belief, he will die if nothing is done by the Court.

P. 10

## Exhaustion of Legal Remedies

78) Plaintiff filed grievances that were either declared non-grievable, appeals to commissioner unanswered, or grievance was disclosed (with medical records attached) to inmate grievance aids against written instruction not to disclose to inmates, and or

79) Plaintiff was issued a disciplinary report making the incident surrounding the issues non-grievable. And

80) Pursuant to CPP 14.6, "Disciplinary procedures, adjustment committee decision, unit hearing officer decisions, Incident where the grievant received a disciplinary report and report has been dismissed, NON-GRIEVABLE"

## LEGAL CLAIMS

81) Plaintiff Michael Eaves realleges and incorporates by reference paragraphs 1-79. All conditions precedent were performed or occurred.

82) The conduct, misconduct, negligence, and neglect of duty by Defendants Dayon Moon, Sarita Schoenbachler, Richard Lilly, Kevin Drake, Scott Jordan, and John Dunn as mentioned herein, irreparably injured Plaintiff's rights and Liberties, including depriving Plaintiff of his rights and liberties granted by the United States Constitution and the one true God, all while these Defendants were abusing their authority under the color of law, including but not limited to the following:

83) Plaintiff being denied access to the prison's outgoing legal mail system which violated his rights and constituted (a) denial of access to courts or public officials, (b) deprivation of liberty to exercise protected conduct, due process violations of the 1st, 4th, and 14th Amendments to the U.S. Constitution.

84) Plaintiff being denied access to the prison's outgoing legal mail system's benefits violated his rights and constituted denial of access to courts, and due process violation, deprivation of liberty, fraud upon the Court, and interference with an ADA/RA complainant seeking protection of the ADA, violations of the 1st, 14th Amendments to the U.S. Constitution, and FRCP 60, and Title II of the ADA section 35.134.

85) When Plaintiff Eaves was allowed to be repeatedly robbed after his cell was opened by guards while litigating his complaints in court to enjoy the protections of the ADA/RA violated Plaintiff's rights and constitutes, harassment, interference, threats and intimidation and retaliation against an ADA/RA complainant, cruel and

P. 11

unusual punishment, violations of the 1st, 4th, 8th, and 14th Amendments to the U.S. Constitution, and violations of the ADA Title II section 35.134.

86) Plaintiff Eaves being issued a disciplinary report for lawful protected conduct of attempting to use the outgoing prison legal mail system to correspond with the Secretary of State of Washington and Healthcare Adm. Cody Pittman at LLCC, with said disciplinary report removing Plaintiff's rights to grieve the issues, violated Plaintiff's rights and constituted a due process violation, abridging his right to petition the government for redress of grievances, denial of access to the courts, deprivation of liberty to exercise protected conduct, and cruel and unusual punishment, violations of the 1st, 4th, 8th, and 14th Amendments to the U.S. Constitution.

87) Plaintiff being denied the care and duties of a fiduciary agent attorney as stated here, who did not exercise candor as an agent and officer of the court violated Plaintiff's rights and constitutes a denial of equal protection, fraud, and cruel and unusual punishment, deprivation of liberty and property, being neglected of duties owed, violations of the Attorney code of conduct and ethics, 8th, 14th Amendments to the U.S. Constitution; and fraud and deprivation of rights under the criminal code which must be prosecuted separate from this civil action and has been and is currently being requested to the Court.

88) The attacks on Plaintiff's rights herein by multiple government officials violated Plaintiff's rights and constitutes multiple government officials conspiring to deprive Plaintiff's rights, failure to prevent, cruel and unusual punishment, violations of the 8th Amendment to the U.S. Constitution; AND, U.S.C. Title 18 sections 241, 242 which cannot be prosecuted by Plaintiff and must be referred to the U.S. District Attorney for the Western District of Kentucky for prosecution under criminal statutes.

89) The lack of protections in the PLRA to prevent state prisons from failing/refusing to remedy obvious federally protected rights violations and forcing in pauperus inmates to "purchase their rights" in court violates Plaintiff's and other similarly situated individuals rights and constituted deprivation of rights, abridging the freedom of the people to redress the government with grievances, a due process violation, cruel and unusual punishment, deprivation of liberty, and deprivation of protected conduct. Violations of the 1st, 8th, and 14th Amendments to the U.S. Constitution, and the Universal Human Rights Declaration.

P. 12

90) Plaintiff Eares' headaches are severe and painful from all this but it pales in comparison to the intentional infliction of extreme emotional distress that he has endured from Defendants and others who helped them hurt Plaintiff. His blindness and hearing loss are also far less painful than the injuries to his mind and there is no auxilliary aid for the mind. The requirement of the PLRA that there must be a physical injury for relief violates Plaintiff's and other similiarly situated Individuals rights and constitutes a due process violation, abridging the freedom to redress grievances, deprivation of protected conduct, indifference to serious medical needs, cruel and unusual punishment, and deprivation of liberty and property; violations of the 1st, 8th, and 14th Amendments to the U.S. Constitution; and because this requirement has become a tool to facilitate gov. infliction of mental torture, a violation of the Universal Human Rights Declaration.

91) The mental torture attacks in paragraph 39 that Warden Robey intervened and stopped violated Plaintiff's rights and were instituted because of Plaintiff's complaints to the Court and to hide and protect criminal behavior of prison staff.

92) Plaintiff's grievances being declared non-grievable violated Plaintiff's rights and constituted abridging the freedom to petition the government for redress of grievances, a violation of the 1st Amendment to the U.S. Constitution.

93) The attacks on Plaintiff mentioned herein, because he needed his hearing aid repaired, violated Plaintiff's rights and constituted retaliations against an ADA/RA complainant, a violation of the ADA, and the 8th, 14th Amendments to the U.S. Constitution, and it is twisted, warped, and maliciously evil.

94) When Plaintiff notified the prison and KDOC adm. who did nothing, their actions and or inactions when made aware of these issues violated Plaintiff's rights and constitutes a failure to protect, neglect of duty, a due process violation, violations of the 8th and 14th Amendments to the U.S. Constitution.

95) The acts mentioned herein violated Plaintiff's and other similiarly situated people's rights and constituted deprivation of rights under the color of law, an abuse of authority, that are violations of the Title 18 U.S.C. sections 241, 242 and Plaintiff requests this Honorable Court refer this to the U.S. District Attorney for prosecution to the fullest extent of the law.

96) Plaintiff Michael Eares and those who are similiarly situated has no plain, adequate or complete remedy at law to redress the wrongs described herein. He is not an attorney and he reserves his rights concerning unknown to him violations herein.

P. 13

Plaintiff has been and will continue to be irreparably injured by the conduct of the Defendants unless this Court grants the declaratory, injunctive, and other relief which Plaintiff seeks.

97) All events mentioned herein are capable of repetition but evades review. All conditions precedent were performed or occurred. I reallege and incorporate by reference Docket entry numbers 1, 7, and 26 in their entirety.

### IV    Prayer for RELIEF (continued from last page)

98) Wherefore, Plaintiff respectfully prays that this Honorable Court enter judgment granting Plaintiff:

99) A declaration that the acts and omissions described herein violated Plaintiff's Rights under the Constitution and laws of the United States and the Universal Human Rights Declaration.

100) A preliminary and permanent Injunction ordering Defendants and the KDOC to cease their actions against Plaintiff and all other similarly situated individuals and to guarantee full compliance to the ADA/RA with regards to accessibility and disability discrimination and institute a formal Federal complaint process within each prison separate from the state of Kentucky and instituted by the U.S. D.O.J, who is the designated agency for prison ADA complaints, or similar narrowly drawn Order having same effect that protects the rights and liberties of state inmates.

101) A preliminary and permanent injunction Ordering the state of Kentucky and the KDOC to refer crimes concerning drug trafficking through the U.S. mail to the U.S.P.S. Inspector General for investigation and prosecution, and to allow only prison staff to handle and/or process U.S. Mail, and to require training for handling LEGAL MAIL, or similar narrowly drawn Order with same effect that protects the rights and liberties of inmates.

102) An Order directing the U.S. District Attorney to investigate and prosecute the abuse of authority, and deprivation of rights under color of law, pursuant to the criminal code and statutes of the United States, to the fullest extent of the law, or similar narrowly drawn Order with same effect to protect Plaintiff's rights and liberties, and an Order requiring the KDOC to implement policy changes to ensure qualified prison staff can be hired and maintain/retain current qualified staff to cure understaffing issues.

103) A preliminary and permanent Injunction that the requirement of physical injury for punitive damages under the PLRA be unenforceable against extreme emotional distress and 1st Amendment claims, with said injunctions to be in line with the 9th Circuit Court of Appeals rulings, or similar narrowly drawn Order having same effect to protect Plaintiff's rights and the rights of all other similarly situated inmates who suffer EED at the hands of prison staff, and protects their rights to enjoyment of the ADA/RA.

104) Compensatory damages for a nominal 10 percent of the total lost income Plaintiff must endure from his release in 2023 until his retirement age of 69 in 2042 as a result of his permanent injuries, in the amount of $15,000.00 per year for a total of $285,000.00; against each Defendant, jointly and severally.

105) Compensatory damages sufficient to treat Plaintiff's injuries medically for the rest of his natural life, or similar narrowly drawn order to ensure Plaintiff's medical expenses are paid to a provider of his choice.

106) Punitive damages in the amount of $1,500,000.00 (U.S. Dollars) against each Defendant, jointly and severally.

107) A preliminary and injunctive Order requiring the KDOC to immediately send Plaintiff's right hearing aid to "Hears to You" in Louisville Ky to be repaired (that is the company the KDOC ordered it from and they have the mold already and do not have to have Plaintiff present to make the $250.00 repair).

108) A jury trial on all issues triable by jury.

109) Plaintiff's costs in this suit.

110) Plaintiff's costs in Eaves vs Ballard, et al., in the amount of $3900.00 and all relief requested in D.E. 104 by Plaintiff in the amount of $4,000,000.00 U.S. Dollars for the Defendants' interference in that action.

111) An Order preventing KDOC staff and officials from issuing disciplinary actions and reports to inmates to prevent inmates from grieving issues, or similar narrowly drawn Order having same effect.

112) Any additional relief this Honorable Court deems just, proper and equitable.

IV. RELIEF (continued from pages 14,15 beginning paragraph 98)

State exactly what you want the Court to do for you. (If you seek relief which affects the fact or duration of your imprisonment (for example: release from illegal detention, restoration of good time, expungement of records, release on parole), you must also file your claim under 28 U.S.C. §§ 2241, 2254 or 2255.) The Plaintiff(s) want(s) the Court to:

✓ award money damages in the amount of $ see attached pages 15, 16

✓ grant injunctive relief by see attached pages 15, 16

✓ award punitive damages in the amount of $ see attached pages 15, 16

✓ other: see attached pages 13, 14

V. **DECLARATION UNDER PENALTY OF PERJURY**
(each Plaintiff must sign for him/herself)

I, the undersigned, declare under penalty of perjury that the information contained in this document is true and correct, except for those things stated upon information and belief, and as for those, I believe them to be true. I am over the age of 21 and I am not a corporation. This 10TH day of August, 2021. All rights reserved by the natural live man, who reserves all rights without prejudice, and this document has been Executed at LaGrange Ky on this day by: *Michael Eaves* 8-10-21
(Signature of Plaintiff)
Michael Eaves

_____
(Signature of additional Plaintiff)

_____
(Signature of additional Plaintiff)

I hereby certify that a copy of this complaint was delivered to the prisoner mail system for filing and for mailing on 10th August 2021, to the Clerk of the U.S. District Court at Louisville, 601 W. Broadway, rm 106, Louisville Ky, 40202, Postage prepaid by me or by the prison on my behalf. All rights reserved without prejudice by natural live man, *Michael Eaves* 8-10-21
(Signature)

Michael Eaves - Plaintiff
℅ Luther Luckett Correctional Complex
1612 Dawkins Road, P.O. Box 6
LaGrange Ky 40031

P.16

SPECIAL SERVICES
SEP 10 2020
LLCC

**INMATE GRIEVANCE OFFICE**
LUTHER LUCKETT CORRECTIONAL COMPLEX
P.O. BOX 6, LaGrange, KY. 40031-0006

20-899

## GRIEVANCE INFORMATION FORM

*Margin notes:* NG #18,5 / 3 / 9-10-2020 (Day)

*Left margin:* \*You stated my first EEOC Non-compliance complaint beginning March 9, 2019 AGAIN @ LLCC UNTIL 03/27/2019
\*You Did not ARRIVE @ LLCC UNTIL 03/27/2019

**Please Print**
NAME: Michael Eaves  NUMBER 261472  DORM: 7E  WING: AL

**STATEMENT OF PROBLEM:**

As of today's date, 9-10-20, Luther Luckett Correctional Complex is non compliant with the American's with Disabilities Act. The violation is that there are no handicap wheelchair accessible cells at LLCC, which is a violation of the Act.

Those responsible for this violation are the State of Kentucky, Governor Andrew Beshear, the Kentucky Justice and Public Safety Cabinet and the Kentucky Department of Corrections, KDOC Commissioner Cookie Crews, Luther Luckett Correctional Complex, LLCC Warden Amy Robie, and Sherri Grissinger, ADA Coordinator for LLCC.

This grievance is made on behalf of other people who are wheelchair bound.

**ACTION REQUESTED:**
Kentucky and their Department of Corrections to return all Federal funding received during the period of my first non-compliance complaint beginning March 9, 2017 to current date and through the non-compliance period, that date being determined by the Federal investigation already initiated through the ADA complaint process.

GRIEVANT'S SIGNATURE: Michael Eaves  9-10-20

DATE RECEIVED: _____

GRIEVANCE AIDES SIGNATURE: _____

**Are you in need of ADA Accommodations**
☐ YES  ☒ NO
INMATE MUST INITIAL ME

**Medical/ Dental/ Mental Health ONLY**
☐ Check here if grievance is Medical/ Dental/ Mental Health.

Grievance Aides Allowed Access:
___ YES   ___ NO

INMATE MUST INITIAL _____

Michael Eaves [261472]
℅ LLCC        8-10-21
1612 Dawkins Road  2nd Am.
P.O. Box 6
LaGrange Ky 40031



7018 1830 0001 2090 9649

Clerk of the U.S. District Court
  at Louisville
601 W. Broadway, rm 106
Louisville Ky 40202

confidential, privileged
legal mail

LEGAL MAIL

LEGAL MAIL